844

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LEONE, Appellant.— Judgment of the County Court, Suffolk County, rendered December 29, 1972, affirmed. We do not, by our affirmance, condone the prosecutor's action in reopening cross-examination of defendant's wife and mother for questioning as to their participation in, or knowledge of, defendant's alleged prior criminal activities. However, upon the entire record, we find no reversible error (see CPL 470.05, subd. 1). Gulotta, P. J., Hopkins, Christ and Brennan, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Defendant was convicted, upon a jury verdict, of arson in the third degree, criminal mischief in the first degree and possession of a weapon as a felony, arising out of the blowing up of a bank night depository box in 1971. The main evidence against defendant consisted of a signed confession. During the trial, he attempted to prove that his confession had been beaten out of him. His contention on this point was corroborated to some extent by the testimony of his wife and mother, both of whom testified before him, as well as by certain medical evidence. In their testimony, defendant's wife and mother also offered testimony giving defendant an alibi for the night of the bombing. After cross-examination — there was no redirect — the People received permission to reopen their cross-examination of these witnesses. Defendant's mother was asked, " Isn't it a fact that in 1962 your son concealed in your safe deposit box $6,000 worth of diamonds which was part of the proceeds of a burglary that he had committed at that time? " Defendant's motion for a mistrial was denied and the witness eventually answered that she never owned a safe deposit box. Defendant's wife was asked, " Did you fly with your husband to San Francisco where you and he deposited $10,000 in a safe deposit box? " Defendant's motion for a mistrial again was denied and the witness answered, " Yes ". The witness was then asked, " isn't it a fact that you knew at that time that that was part of the proceeds of a burglary that your husband had committed? " After defendant's objection was overruled, the witness answered, " No ". In my opinion, these questions constituted an improper attempt by the People to introduce evidence that defendant had committed other criminal acts. The relevance of these questions, if any, to the credibility of these witnesses — a theory advanced by the People — was clearly outweighed by the resulting prejudice suffered by defendant who testified thereafter, thereby depriving him of a fair trial.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE O'CONNOR, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, rendered May 10, 1972. Sentence reversed, on the law, and case remitted to the Criminal Term for resentencing. The sentencing court did not grant defendant an opportunity to be heard before sentencing, as required by CPL 380.50. We must remit the case so that defendant may be resentenced after the sentencing court complies with this statute (People v. Kidd, 42 A D 2d 910). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.